# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:16cv471

| | |
|---|---|
| SERUM SOURCE INTERNATIONAL, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GE HEALTHCARE BIO-SCIENCES )<br>CORP. and GE HEALTHCARE INC., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

Pending before the Court is the Plaintiff's Motion to Compel [# 30]. Plaintiff moves to compel Defendant GE Heathcare Bio-Sciences Corp. ("Defendant") to respond to its First Set of Interrogatories and Requests for Production of Documents. On March 6, 2017, the Court held a hearing on the motion and orally granted in part and denied in part the Motion. The Court now enters this written Order to memorialize the Court's prior oral Order. The Court **GRANTS in part** and **DENIES in part** the Motion to Compel [# 30]. The Court **DENIES** the previously stricken Motion for Protective Order [# 32].

## II.     Legal Standard

Generally speaking, parties are entitled to discovery regarding any non-privileged matter that is relevant to any claim or defense, and information need not

1

be admissible at trial to be discoverable. Fed. R. Civ. P. 26(b)(1). This Court has broad discretion to determine whether discovery is relevant to a party's claim or defense. Watson v. Lowcountry Red Cross, 974 F.2d 482, 489 (4th Cir. 1992). "Moreover, notwithstanding Rule 26(b)(1)'s recent amendment placing an emphasis on the proportionality of discovery, the discovery rules, including Rule 26, remain subject to 'broad and liberal construction.'" Scott Hutchinson Enters., Inc. v. Cranberry Pipeline Corp., 3:15-cv-13415, 2016 WL 5219633, at *2 (S.D. W. Va. Sept. 20, 2016) (quoting Eramo v. Rolling Stone LLC, 314 F.R.D. 205, 209 (W.D. Va. Jan. 25, 2016)); see also CTB, Inc. v. Hog Slat, Inc., 7:14-CV-157-D, 2016 WL 1244998, at *3-4 (E.D.N.C. Mar. 23, 2016).

The Court may limit the scope of otherwise allowable discovery where the Court finds that the requested discovery is not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); Lovett v. Cracker Barrel Old Country Store, Inc., 2:14-CV-34-BO, 2015 WL 4092801, at *2 (E.D.N.C. Jul. 6, 2015). In determining the issue of proportionality, the Court must consider: (1) the importance of the issues at stake; (2) the amount in controversy; (3) the parties' relative access to the information and materials at issue; (4) the resources of the parties; (5) the importance of the discovery sought in resolving the issues; and (6) whether the burden or expense of complying with the discovery requests outweighs the likely benefit. Fed. R. Civ. P. 26(b)(1); Turner Constr. Co. v. Tig Ins. Co., 1:15CV83,

2017 WL 589193, at *2 (N.D. W. Va. Feb. 14, 2017).

Where a party fails to respond to an interrogatory or a request for production of documents, the party seeking discovery may move for an order compelling an answer to the interrogatories or the production of documents responsive to the request. Fed. R. Civ. P. 37(a)(3)(B). "Over the course of more than four decades, district judges and magistrate judges in the Fourth Circuit…have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010) (collecting cases); Mainstreet Collection, Inc. v. Kirkland's, Inc., 270 F.R.D. 238, 241 (E.D.N.C. 2010); Penley v. McDowell Cty. Bd. of Educ., 1:14cv170, 2015 WL 7721244, at *2 (W.D.N.C. Nov. 30, 2015) (Howell, Mag. J.); CTB, 2016 WL 1244998, at *4. The recent amendments to Rule 26 have not altered this rule.

### III. Analysis

At the hearing, the Court addressed each of the interrogatories and requests for production of documents at issue and orally ruled. The Court now enters this Order to perfect the record.

### A. Interrogatories

No. 2: Defendant has agreed to supplement its answer to this interrogatory.

No. 3: The Court **OVERRULES** the Defendant's objections and **ORDERS** Defendant to answer this interrogatory within fourteen (14) days of the entry of this Order.

No. 6: The Court **OVERRULES** the Defendant's objections and **ORDERS** Defendant to answer this interrogatory within fourteen (14) days of the entry of this Order. The Court, however, shall allow Defendant until Friday, March 10, 2015, to provide Plaintiff with a report or similar materials that would provide the context and background for the issues of the notices rather than undertake the expense of fully responding to this requests.

No. 7: The Court **OVERRULES** the Defendant's objections and **ORDERS** Defendant to answer this interrogatory within fourteen (14) days of the entry of this Order.

No. 10: The Court **OVERRULES** the Defendant's objections and **ORDERS** Defendant to answer this interrogatory within fourteen (14) days of the entry of this Order. The Court, however, shall allow Defendant until Friday, March 10, 2015, to provide Plaintiff with a report or similar materials that would provide the context and background for the issues of the notices rather than undertake the expense of fully responding to this requests.

No. 11: The Court **OVERRULES** the Defendant's objections and **ORDERS** Defendant to answer this interrogatory within fourteen (14) days of the entry of this Order. The Court, however, shall allow Defendant until Friday, March 10, 2015, to provide Plaintiff with a report or similar materials that would provide the context and background for the issues of the notices rather than undertake the expense of fully responding to this requests.

No. 12: The Court **OVERRULES** the Defendant's objections and **ORDERS** Defendant to answer this interrogatory within fourteen (14) days of the entry of this Order. The Court, however, shall allow Defendant until Friday, March 10, 2015, to provide Plaintiff with a report or similar materials that would provide the context and background for the issues of the notices rather than undertake the expense of fully responding to this requests.

No. 13: The Court **OVERRULES** the Defendant's objections and **ORDERS** Defendant to answer this interrogatory within fourteen (14) days of the entry of this Order.

No. 14: The Court **OVERRULES** the Defendant's objections. Plaintiff shall provide Defendant with no more than twenty (20) search terms and twenty (20) custodians and Defendants search is limited to these terms and custodians. The Court **ORDERS** Defendant to answer this interrogatory within fourteen (14) days of receiving the list of search terms and custodians from Plaintiff.

No. 15: The Court **OVERRULES** the Defendant's objections and **ORDERS** Defendant to answer this interrogatory within fourteen (14) days of the entry of this Order.

**B.    Request for Production of Documents**

No. 1: The Court **OVERRULES** the Defendant's objections and **ORDERS** Defendant to respond to this request within fourteen (14) days of the entry of this Order. The Court, however, shall allow Defendant until Friday, March 10, 2015, to provide Plaintiff with a report or similar materials that would provide the context and background for the issues of the notices rather than undertake the expense of fully responding to this requests

No. 2: The Court **SUSTAINS** the Defendant's objection.

Defendant need not respond to this requests.

No. 3: The Court **OVERRULES in part** and **SUSTAINS in part** Defendant's objection. The Court **ORDERS** Defendant to produce all public notices responsive to this request with the further limitations that the notices contain references to Fetal Bovine Serum and/or Adult Bovine Serum. The Court also limits the notices to between January 1, 2006 and December 31, 2014. The Court **ORDERS** Defendant to respond to this request within fourteen (14) days of the entry of this Order.

No. 4: The Court **OVERRULES** the Defendant's objections and **ORDERS** Defendant to respond to this request within fourteen (14) days of the entry of this Order. The documents produced shall be placed under the highest protections pursuant to the previously entered Protective Order [# 22].

No. 5: The Court **OVERRULES** the Defendant's objections and **ORDERS** Defendant to respond to this request within fourteen (14) days of the entry of this Order. The documents produced shall be placed under the highest protections pursuant to the previously entered Protective Order [# 22].

No. 9: The Court **OVERRULES in part** and **SUSTAINS in part** the Defendant's objections. The Court sustains the objections as to the request for information "to a customers" in subsection c. Defendant, however, shall provide a sum for each year from January 1, 2016, through December 31, 2013, of the total sales of FBS to all customers. The Court **OVERRULES** Defendant's remaining objections. The Court **ORDERS** Defendant to respond to this requests within fourteen (14) days of the entry of this Order. The Court notes that Plaintiff withdrew the request for any net profits and, thus, Defendant need not produce this information.

## IV. Award of Costs and Fees

Rule 37 of the Federal Rules of Civil Procedure provides for an award of reasonable expenses, including attorney's fees in filing a motion to compel where the Court grants the motion or where discovery is provided after the filing of the motion. Fed. R. Civ. P. 37(a)(5)(A). Where the Court grants in part and denies in part the motion, the Court may apportion the reasonable expenses for the motion between the parties. Fed. R. Civ. P. 37(a)(5)(C). Because the parties did not address this issue in their briefs or at the hearing, the Court will allow both parties the opportunity to be heard on the issue of whether to award Plaintiff its reasonable expenses. The parties shall have five (5) days from the entry of this Order to file any briefs addressing the issue of whether an award of reasonable expenses is appropriate. The briefs should not exceed five (5) pages and are limited to a single document. In addition, neither party may file a response.

## V. Conclusion

The Court **GRANTS in part** and **DENIES in part** the Motion to Compel [# 30] consistent with this Court's prior oral ruling and this Order. The Court **DENIES** the previously stricken Motion for Protective Order [# 32]. Finally, the parties shall have five (5) days from the entry of this Order to file any briefs addressing the issue of whether an award of reasonable expenses is appropriate.

Signed: March 8, 2017

Dennis L. Howell
United States Magistrate Judge

